# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: IVY D MALLOY

Lender ("Lender"): HOUSEHOLD FINANCE CORPORATION III

Date of Security Instrument ("Mortgage") and Promissory Note or Loan Agreement ("Note"): 10/24/2006

Loan Number: ███

Property Address ("Property") : 5824 SHOSHONE DR
OXON HILL, MD 20745-1940

The Borrower has successfully completed the Trial Period Plan (the "Plan"). The loan evidenced by, without limitation, the Note and Mortgage (the "Loan"), will be modified upon satisfaction of all requirements set forth herein. A summary of the proposed modified terms is outlined below:

### *SUMMARY OF LOAN MODIFICATION TERMS:

* The Borrower understands, acknowledges, and agrees that the Loan Modification Terms summarized below contain estimates of amounts which may increase or decrease following the date of this Loan Modification Agreement (the "Agreement") to account for any advances the Lender makes on behalf of the Borrower for taxes, insurance or other recoverable items. After the Lender receives an executed copy of the Agreement, the amount of any necessary advances will be confirmed and the Lender will provide a confirmation with the final terms of the Agreement.

*[handwritten: NO Notary SIGS]*

v.1

| | | | |
|---|---|---|---|
| Loan Modification Effective Date | 09/24/2016 | * Monthly Modified Principal and Interest Payment | $1498.02 |
| *Modified Interest Rate | 6.200% | Total Optional Credit Insurance | $0.00 |
| Modification Interest Rate Duration | 24 | **Monthly Escrow Amount | $397.86 |
| | | *Advances for Property Taxes and Insurance (monthly) | $0.00 |
| New Payment Due Date | 09/24/2016 and each month thereafter. | *Modified Total Monthly Payment | $1895.88 |
| | | * Outstanding Deferred Interest Balance | $9759.69 |
| | | *Maturity Date | 10/24/2036 |
| | | *New Outstanding Principal Balance | $206635.58 |
| *Principal and Interest Payment at Modification Expiration | $1722.82 | | |
| | | *Outstanding Lender Advanced Balance | $0.00 |
| | | *Escrow Balance | $0.00 |
| | | *Outstanding Fees and Charges | $84.21 |
| | | *Outstanding Deferred Principal Balance | $0.00 |

**Subject to applicable law and the terms of the Note and Mortgage (collectively, with any other documents evidencing the Loan, the "Loan Documents"), the Lender periodically may adjust the escrow portion of the Borrower's monthly payment based on changes in the amounts necessary to pay for annual tax or insurance bills, or any other items included in the Borrower's escrow account. These changes may require an adjustment to the Modified Total Monthly Payment Amount.

Loan Number: ▮▮▮▮ – FAPMA

nnnnnn 0 0 0 4

v.1

If the Loan is currently subject to a modification, the rate and/or payment set forth in this Agreement may exceed that of the existing modification's rate and/or payment. However, the proposed rate and/or payment will be more favorable than the rate and/or payment under the original Loan Documents.

Due to the rate and/or payment changes and other terms contained in this Agreement, the number of monthly payments until the Maturity Date set forth above may have increased from the original maturity date under the Loan Documents. The number of any additional payments necessary to pay the Loan in full will vary, depending upon the terms of the Agreement.

### TERMS OF AGREEMENT

Subject to satisfaction of all terms and conditions contained herein, the Agreement amends and supplements the Loan Documents, provided however that except as specifically stated in the Agreement, all terms set forth in the Loan Documents shall remain in full force and effect. Any capitalized words used in this Agreement and not defined herein have the same meaning as in the Loan Documents.

**Section 1.**

**Borrower Representations.** Each Borrower certifies and represents to the Lender and agrees [1]:

A. I am experiencing a financial hardship and as a result, I am in default under the Loan Documents, and/or I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B. I live in the Property as my principal residence, and the Property has not been condemned;

C. There has been no change in the ownership of the Property since I signed the Loan Documents;

D. I have provided documentation disclosing all income that I receive, subject to the following qualification regarding child support and alimony. I understand that I am not required to disclose child support or alimony I receive unless I chose to disclose such income as part of my request for the modification;

E. Under penalty of perjury, all documents and information I have provided to the Lender in connection with this Agreement, including the documents and information regarding my eligibility for the modification, are true and correct;

F. If the Lender requires me to obtain credit counseling in connection with the modification, I will do so; and

G. I have made all payments required by the Lender under the Trial Period Plan.

**Section 2.**

**Acknowledgements and Requirements for Loan Modification.** Each undersigned Borrower understands, acknowledges and agrees as follows:

A. **Timely Execution and Return of the Agreement.** Timely execution and return of the Agreement is a requirement to complete this loan modification. The Agreement must be signed by the Borrower and received by HOUSEHOLD FINANCE CORPORATION III no later than 09/10/2016. If the Lender does

      not receive the signed Agreement within the required time frame, this request for a loan modification will be terminated and collection and enforcement activities may resume under the Loan Documents, subject to applicable law.

B. **Complete Execution.** All persons who signed the Loan Documents, or the authorized representative(s) of such persons, have signed this Agreement, unless a Borrower or Co-Borrower is deceased or the Lender has waived this requirement in writing.

C. **Prior Modifications Superseded.** This Agreement supersedes the terms of any modification, forbearance or Trial Period Plan that I previously entered into with the Lender.

D. **Credit Bureau Reporting.** A modification of the terms of the Loan Documents pursuant to the Agreement may negatively impact my credit score.

E. **Compliance with Loan Documents, as Modified by the Agreement.** I will comply with all covenants, agreements, and requirements contained in the Loan Documents as modified by this Agreement, including the covenant, agreement and obligation to make all payments of taxes, insurance premiums, assessments, escrow items, and all other payments, the amount of which may change periodically over the term of Loan Documents, as modified by the Agreement.

F. **The Agreement Is Not a Satisfaction or Release.** All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and I will comply with, all of the terms and conditions of the Loan Documents.

G. **Loan and Agreement May Not Be Assigned.** As of the Loan Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstances, to assume the Loan. This Agreement may not, under any circumstances, be assigned to, or assumed by a buyer of the Property.

H. **Cooperation with Lender Requests.** I will comply with any reasonable request by HOUSEHOLD FINANCE CORPORATION III to execute, re-execute, acknowledge, replace or correct any documents associated with the Loan or this Agreement.

I. **Reaffirmation Requirement.** If I am currently a debtor under chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"), or I file a petition under chapter 7 of the Bankruptcy Code prior to the Loan Modification Effective Date (as defined in Section 3), I will execute and file a Reaffirmation Agreement in my bankruptcy case incorporating this Agreement. The form of the Reaffirmation Agreement will be consistent with the requirements of the Bankruptcy Code and will be filed within the deadlines contained in the Bankruptcy Code. If the required Reaffirmation Agreement is not filed within the applicable time frame, this request for a loan modification will be terminated and the Agreement will be without effect.

J. **Requirement to Secure Order Approving the Agreement if Bankruptcy is Filed.** If I am currently a debtor under chapter 11, 12, or 13 of the Bankruptcy Code, or I file a petition under chapter 11, 12, or 13 of the Bankruptcy Code prior to the Loan Modification Effective Date (as defined in Section 3), I will cooperate with the Lender in order to secure an order from the Bankruptcy Court approving the Agreement. If the Bankruptcy Court does not enter an order approving the Agreement, this request for a

loan modification will be terminated and the Agreement will be without effect.

K. **Borrower Representations as a Prerequisite of the Agreement.** If at any time prior to the Loan Modification Effective Date (as defined in Section 3), the representations in Section 1 are no longer true and correct, this Agreement will be terminated and the Agreement will be without effect.

L. **Borrower Requirements as a Prerequisite of the Agreement.** The Loan Documents will not be modified until the Loan Modification Effective Date (as defined in Section 3) has occurred. I acknowledge and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to satisfy or perform any one of the requirements set forth in Section 1 or 2 of the Agreement.

M. **Condition of Clear Title.** Unless waived by the Lender, the Agreement shall be subject to the condition of clear title, evidenced by a title report. Also, any junior lien holders or judgment creditors may need to agree to either release their liens or subordinate their liens to the Lender's existing prior lien as may be permitted by applicable law. HOUSEHOLD FINANCE CORPORATION III reserves the right to cancel the offer to modify the Loan should this or any other condition not be satisfied.

**Section 3.**

**The Loan Modification.** Subject to the terms and conditions set forth herein, this Agreement shall become effective – and the first modified payment will be due – on 09/24/2016 (the "Loan Modification Effective Date").

A. **Deferred Interest Balance.** The Lender will address any outstanding interest amounts owing as of the Loan Modification Effective Date by deferring unpaid interest (the "Deferred Interest") in the estimated amount of $9759.69. The Deferred Interest Balance may consist of uncollected daily simple interest and/or interest resulting from any previous restructuring of the past due amounts on the Loan. These amounts will be identified as the Deferred Interest Balance on the monthly mortgage statements, if the Borrower is receiving a statement, and will be due at the earlier of repayment in full, acceleration, or maturity of the Loan Documents, as modified by this Agreement.

B. **The New Principal Balance.** The current unpaid principal balance on the Loan is $200449.48. HOUSEHOLD FINANCE CORPORATION III will add $6186.10 which includes escrow advances for taxes and insurance. As a result, the new principal balance on the Loan will equal an estimated amount of $206635.58 (the "New Principal Balance"). Interest at the rate of 6.200% will begin to accrue on the New Principal Balance and the first monthly payment on the New Principal Balance will be due on 09/24/2016 (the "New Payment Due Date"), and monthly thereafter. Following the Loan Modification Effective Date, the New Principal Balance will be identified as the Outstanding Principal Balance on the monthly mortgage statement, if the Borrower is receiving a statement. The amounts set forth in this section may change between the date of this Agreement and the Loan Modification Effective Date if HOUSEHOLD FINANCE CORPORATION III advances additional funds for taxes or insurance.

C. **Fixed Interest.** During the 24 payment modification period, the interest rate on this adjustable rate Loan will be fixed. Fixing the interest rate will eliminate any scheduled interest rate increases or decreases during the modification period. Fixing the interest rate will therefore prevent interest rate increases during the modification period if market interest rates are increasing. Conversely, if market interest rates are decreasing the amount of interest that accrues during the modification period may be higher as a result of this fixed rate provision. By entering into the modification, the Borrower acknowledges that the

Lender cannot predict future interest rates. If the modification term ends before the Maturity Date, the adjustable rate provisions under the Loan Documents will govern the rate of interest charged once the modification has expired.

D. **EZ Pay/EFT Plan Suspension.** If the account was enrolled in an EZ Pay/EFT Plan, the automatic drafts were previously cancelled. The account may be eligible to enroll in an EZ Pay/EFT Plan again once this Agreement becomes effective.

E. **Optional Credit Insurance.** Any optional credit insurance currently in place will remain on the account under the terms outlined in the Loan Documents, as modified by the Agreement. Optional credit insurance may be cancelled at any time by contacting HOUSEHOLD FINANCE CORPORATION III.

F. **Escrow.** HOUSEHOLD FINANCE CORPORATION III will establish an escrow account for the purpose of paying real estate taxes, insurance premiums and other required assessments. To fund the escrow account HOUSEHOLD FINANCE CORPORATION III will collect and hold escrow funds in an amount necessary to permit HOUSEHOLD FINANCE CORPORATION III to make those payments specified under RESPA or any other applicable law. HOUSEHOLD FINANCE CORPORATION III shall estimate the amount necessary to fund the escrow account on the basis of current data and reasonable estimates of expenditures of future escrow items, or otherwise in accordance with applicable law. To avoid default following the Loan Modification Effective Date HOUSEHOLD FINANCE CORPORATION III must receive sufficient funds to pay the escrow amounts set forth in notices that will be provided. Due to the timing of required tax and insurance payments, shortages may arise in the escrow account. HOUSEHOLD FINANCE CORPORATION III will provide notification as required by RESPA and other applicable law of any amounts necessary to pay any shortages. Unless state restrictions apply, the escrow account will remain in place for the life of the Loan, as modified by the Agreement.

G. **Prepayment Penalty Termination.** Any prepayment penalty contained in the Loan Documents will be permanently terminated as of the Loan Modification Effective Date.

H. **Unpaid Late Charges.** All unpaid late charges that remain unpaid prior to entering into the Trial Period Plan will not be waived.

I. **Prior Chapter 7 Discharge.** If a Borrower was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, the Lender agrees that said individual will not have personal liability on the debt pursuant to this Agreement.

SO AGREED:

__Ivy D. Malloy__
IVY D MALLOY *Sign on above line*

___9-2-16___
Date

_____
*Sign on above line*

_____
Date

### DO NOT SIGN BELOW THIS LINE RESERVED FOR LENDER USE

_____
Vice President and Assistant Secretary Administrative Division of HOUSEHOLD FINANCE CORPORATION III

___9-9-2016___
Date

Return Address: Attn: MOD Support – FAP II, 636 Grand Regency Blvd., Brandon, FL 33510

---

[1] If there is more than one Borrower or Mortgagor, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Loan Number: ▮▮▮▮▮▮

nnnnnn 0 0 0 9

v.1