28884 001

Recording Requested By

WHEN RECORDED MAIL TO

NAME  Records Processing Services
STREET ADDRESS  577 Lamont Road
CITY & STATE  Elmhurst, IL 60126

CLERK OF THE CPU 1
CIRCUIT COURT

2008 APR 28 PH 1:07

07 MAR -6 AM 7:14
RECEIVED
CPUE 3#

missing page 9

PRINCE GEORGE'S COUNTY, MD
APPROVED BY
#01R
OCT 11 2007

$ N/A RECORDATION TAX PAID
$ TRANSFER TAX PAID
SPACE ABOVE THIS LINE FOR RECORDER'S USE
(Page 1 of 6)

## DEED OF TRUST

\* Re-record to add Adjustable Rate Rider

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this day 19TH of OCTOBER , 2006 , among the Grantor(s), IVY DESHANTA MALLOY, NOT STATED

whose

address is 5824 SHOSHONE DR, OXON HILL, MD 20745
(herein "Borrower"), MORTGAGE TWO CORPORATION, A DELAWARE CORPORATION
(herein "Trustee") and the Beneficiary   HOUSEHOLD FINANCE CORPORATION III

a corporation organized and existing under the laws of DELAWARE   whose address is
7099 ALLENTOWN ROAD, WOODBERRY SQ SHOPPING CTR, TEMPLE HILLS, MD   20748
(herein "Lender"). Witnesseth:

The following paragraph preceded by a checked box is applicable.

[X]   WHEREAS, Borrower is indebted to Lender in the principal sum of $ 229,282.55 , evidenced by Borrower's Loan Agreement dated OCTOBER 19, 2006   and any extensions or renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on OCTOBER 19, 2036 ;

IMP FD SURE $       20.00
RECORDING FEE       20.00
TOTAL               40.00
Rec# PG10 ___ Rct# 57165
Nov 01 1798
10:05 am

☐   WHEREAS, Borrower is indebted to Lender in the principal sum of $ ___ , or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated ___ and extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $ ___ ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the Note, with interest thereon at the applicable contract rate (including any adjustments to the amount of payment or the contract rate if that rate is variable) and other charges; the payment of all other sums, with interest thereon, advance in accordance herewith to protect the security of this Deed of Trust; and the performance of the convenants and agreements of Borrower herein contained, Borrower, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust with power of sale, the following described property located in the County of   PRINCE GEORGE'S   State of Maryland:

ALL THAT CERTAIN PROPERTY SITUATED IN THE COUNTY OF PRINCE GEORGE'S AND STATE OF MARYLAND, BEING MORE FULLY DESCRIBED

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION
#CPUE 3#
RECEIVED
08 APR 28 PM 2:19

IMP FD SURE $       20.00
RECORDING FEE       20.00
TOTAL               40.00
Rec# PG03   Rct# 56344
PM   LJJ   Blk # 117
Nov 01, 2007   10:13 am

which has the address of 5824 SHOSHONE DR, OXON HILL
(Street) (Borrower's Post Office Address, if different)   (City)

Maryland  20745   (herein "Pro]erty Address");
(Zip Code)

02-27-06
DOT

MD010051

28884 002

(Page 2 of 6)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the contract rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 18. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the loan current. Lender may accept any payment or partial payment insufficient to bring the loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each periodic payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Charges; Liens.** Borrower shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any. Borrower shall promptly discharge any lien when due which has priority over this Deed of Trust. If Borrower fails to pay such lien when due, lender may pay or purchase the same and collect all such advances out of any sale of the secured property hereunder.

**3. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured as provided in note.

All insurance policies and renewals thereof shall be in form acceptable to Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Deed of Trust is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Deed of Trust would be impaired, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower.

**4. Preservation and Maintenance of Property; Leaseholds.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold.

**5. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to, disbursement of reasonable attorney's fees and entry upon the Property to make repairs.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, there shall be applied to the sums secured by this Deed of Trust such proportion of the proceeds as is equal to that proportion which the

28884   003
J00.0368S

(Page 4 of 6)

**18. Funds for Escrow Items.** Borrower shall pay to Lender on the day periodic payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 3; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the loan, Lender may require that community association dues, fees, and assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 5. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 5 and pay such amount and Borrower shall then be obligated under Section 5 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by written notice and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 18.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**(THIS SPACE INTENTIONALLY LEFT BLANK)**

28884 004

(Page 3 of 6)

amount of the sums secured by this Deed of Trust immediately prior to the date of taking bears to the fair market value of the Property immediately prior to the date of taking, with the balance of the proceeds paid to Borrower.

**7. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder or under note, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**8. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other right or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**9. Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the right hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 10 hereof. All covenants and agreements of Borrower shall be joint and several. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the previsions hereof.

**10. Transfer of the Property; Assumption.** If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable.

**11. Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in the note, Lender at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law.

Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided herein, including but not limited to, reasonable attorneys' fees and costs of title evidence.

**12. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration as provided herein or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. The receiver shall be liable to account only for those rents actually received.

**13. Release.** Upon payment of all sums secured by this Deed of Trust, Lender or Trustee shall release this Deed of Trust.

**14. Substitute Trustee.** Lender at Lender's option may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the city or county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**15. Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note/Loan Agreement is hereby incorporated by reference and made a part of the Deed of Trust.

**16. Adjustable Rate Rider to Deed of Trust.** The Adjustable Rate Rider attached to and made a part of the Deed of Trust is hereby incorporated by reference and made a part of the Deed of Trust.

**17. Application of Payments or Proceeds.** Except as otherwise described in this Section 17 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the note; (c) amounts due under Section 18. Such payments shall be applied to each periodic payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

02-27-06
DOT

MD010053

(Page 5 of 6)

Borrowers each waive all exemption rights under state and federal law.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_Ivy Deshanta Malloy_ (Seal)        _____ (Seal)
Ivy Deshanta Malloy - Borrower                     - Borrower

_____ (Seal)        _____ (Seal)
           - Borrower                          - Borrower

STATE OF MARYLAND, ___Prince George's___ County ss:

I Hereby Certify, That on this __19th__ day of __October__ ,20 __06__ ,
before me, the subscriber, a Notary Public of the State of Maryland, in and for the County of Prince George's, personally appeared ___Ivy Deshanta Malloy___ ,
known to me or satisfactorily proven to be the person(s) whose name(s) __is__ subscribed to the within instrument and acknowledge that __s he__ executed the same for the purposes therein contained.

     AS WITNESS: my hand and notarial seal.

My Commission expires: _12/19/06_                          Notary Public

STATE OF MARYLAND, ___Prince George's___ County ss:

I Hereby Certify, That on this __19th__ day of __October__ , 20 __06__ , before me, the subscriber, a Notary Public of the State of __Maryland__ and for the County of Prince George's , personally appeared ___Stoney Morris___ , the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth; and also made oath that he/she is the agent of the party or parties secured and is duly authorized to make this affidavit.

     AS WITNESS: my hand and notarial seal.

My Commission expires: _12/19/06_                          Notary Public

This is to certify that the within instrument was prepared by Household Finance Corporation III of Maryland one of the parties to the instrument.

                                            Employee Signature

(Page 6 of 6)

# Deed of Trust

**FROM**

TO

Trustees

Received for Record _____, 20 ___

at _____ o'clock _____ M. Same day recorded

in Liber _____ No. _____ Folio _____

etc., one of the Land Records of

and examined per

_____, Clerk

Cost of Record, $ _____

**RECORDING OFFICER: PLEASE RETURN TO**

File No. _____

Written by _____

Approved by _____

Ready for Record

02-27-06
DOT

MD010056

28864 1 007

EXHIBIT A (PAGE 1)

IN A DEED DATED 12/28/2000 AND RECORDED 01/10/2001, AMONG
THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, IN
DEED VOLUME 14306 AND PAGE 273. TAX MAP OR PARCEL ID NO.:
12-1308857

LOT NUMBERED NINETEEN(19) IN BLOCK NUMBERED TEN(10) IN THE
SUBDIVISION KNOWN AS SECTION 9, FOREST HEIGHTS, AS PER PLAT
RECORDED IN PLAT BOOK WWW 24, PLAT NO. 78, AMONG THE LAND RECORDS
OF PRINCE GEORGES COUNTY, MARYLAND.

**REFINANCE STATEMENT:** This is the principal residence of __Ivy Deshanta Malloy__

They are the original mortgagors of a mortgage recorded in __Libor/Folio : 24841/168__

The original Deed of Trust is being extinguished with an unpaid principal balance of $ __170,388.69__

This is a refinancing of the Deed of Trust, in the sum of $ __229,262.55__ and the difference being $ __58,873.86__.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Borrower: _Ivy DeShanta Malloy_    Vested Owner: _____

Borrower: _____ Vested Owner: _____

Borrower: _____ Vested Owner: _____

Borrower: _____ Vested Owner: _____

**STATE OF MARYLAND,** __Prince George's__ County ss:

I Hereby Certify, That on this __19th__ day of __October__, 20__06__, before me, the subscriber, a Notary Public of the State of Maryland, in and for the __County of Prince George's__, personally appeared __Ivy Deshanta Malloy__

known to me or satisfactorily proven to be the person(s) whose name(s) __is__ subscribed to the within instrument and acknowledge that __s__ he __executed the same for the purposes therein contained.

AS WITNESS: my hand and notarial seal.

My Commission expires: _12/19/06_

_____
Notary Public

**STATE OF MARYLAND,** __Prince George's__ County ss:

I Hereby Certify, That on this __19th__ day of __October__, 20__06__, before me, the subscriber, a Notary Public of the State of __Maryland__ and for the __County of Prince George's__, personally appeared __Stoney Morris__, the agent of the party secured by the foregoing Deed of Trust, and make oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth; and also made oath that he/she is the agent of the party or parties secured and is duly authorized to make this affidavit.

AS WITNESS: my hand and notarial seal.

My Commission expires: _12/19/06_

_____
Notary Public

10/19/2006 17:24          0256LE02

28884 010

# ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 19th day of October, 2006, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to HOUSEHOLD FINANCE CORPORATION III (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

5824 SHOSHONE DR
OXON HILL, MD 20745

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

## ADDITIONAL COVENANTS

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A.  INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial interest rate of 8.650%. The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the 19th day of October, 2008, and on that day every six months thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the London Interbank Offered Rate (LIBOR), which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before

·28884 OIT

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

each Change Date is called the "Current Index." However, where the LIBOR Index is published in 1/64ths or any other increment requiring additional decimal places, the Note Holder will only use five decimal places. For example, if the Index rate published was 8.123456%, the Note Holder would use 8.12345% as the Current Index for that Change Date.

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give you notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding 3.190% to the Current Index. The Note Holder will then round the result of this addition to the nearest 0.125%. Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 11.650% or less than 8.150%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than 1.000% from the rate of interest I have been paying for the preceding 24 months. My interest rate will never be greater than 14.650%. My interest rate will never be lower than 8.150%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

**B. TRANSFER OF THE PROPERTY OF A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property of a Beneficial Interest in Borrower**

As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

28884 013

## ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

Borrower: _Ivy D. Malloy_ _____ Date: _10-19-06_

IVY D. MALLOY

28884 014

## State of Maryland Land Instrument Intake Sheet

☐ Baltimore City   ☑ County: PRINCE George

*Information provided is for the use of the Clerk's Office, State Department of Assessments and Taxation, and County Finance Office Only.)*
(Type or Print in Black Ink Only—All Copies Must Be Legible)

| | | | | |
|---|---|---|---|---|
| **Type(s) of Instruments** | ☐ Deed | ☐ Mortgage | ☐ Other _____ | ☐ Other _____ |
| | ☑ Deed of Trust | ☐ Lease | ☑ Re-record | |
| **Conveyance Type** Check Box | ☐ Improved Sale Arms-Length [1] | ☐ Unimproved Sale Arms-Length [2] | ☐ Multiple Accounts Arms-Length [3] | ☐ Not an Arms-Length Sale [9] |

**Tax Exemptions** (if Applicable)
Cite or Explain Authority

| **Consideration and Tax Calculations** | Purchase Price/Consideration | $ | | |
|---|---|---|---|---|
| | Any New Mortgage | $ | | |
| | Balance of Existing Mortgage | $ | | |
| | Other: | $ | | |
| | Other: | $ | | |
| | Full Cash Value: | $ | | |

| **Fees** | Recording Charge | $ 40.00 | $ |
|---|---|---|---|
| | Surcharge | $ | $ |
| | State Recordation Tax | $ | $ |
| | State Transfer Tax | $ | $ |
| | County Transfer Tax | $ | $ |
| | Other | $ | $ |
| | Other | $ | $ |

**Description of Property**
SDAT requires submission of all applicable information.
A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

12-1308850

Description/Amt. of SqFt/Acreage Transferred:

If Partial Conveyance, List Improvements Conveyed:

**Transferred From**  IVY DESHANTA MALLOY

**Transferred To**  MORTGAGE TWO CORPORATION

**Other Names to Be Indexed**

| **Contact/Mail Information** | | |
|---|---|---|
| Name: Yalonda Tolliver | | ☐ Return to Contact Person |
| Firm HSBC | | ☐ Hold for Pickup |
| Address: 571 Lamont Rd | | ☑ Return Address Provided |
| Elmhurst, IL 60126   Phone: ( 630 ) 619-7352 | | |

| **Assessment Information** | | |
|---|---|---|
| ☐ Yes ☐ No | Will the property being conveyed be the grantee's principal residence? | |
| ☐ Yes ☐ No | Does transfer include personal property? If yes, identify: _____ | |
| ☐ Yes ☐ No | Was property surveyed? If yes, attach copy of survey (if recorded, no copy required). | |

Distribution:  White - Clerk's Office
Canary - SDAT
Pink - Office of Finance
Goldenrod - Preparer
AOC-CC-300 (6/95)